**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. _____**

ELVIS JOSE PEREZ, an individual,

      Plaintiff,

v.

CITY OF HIALEAH, a municipality;
YANDIER HERNANDEZ, ALEXANDER
ABREU CASTRO, JOSE ROMERO,
and LUIS ALBERTO SALCEDO,
in their individual and official capacities
and as City of Hialeah Police Officers,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, ELVIS JOSE PEREZ (hereinafter referred to as "ELVIS"), by and through his undersigned counsel, sues the Defendants, CITY OF HIALEAH (hereinafter referred to as "HIALEAH"), YANDIER HERNANDEZ (hereinafter referred to as "HERNANDEZ"), ALEXANDER ABREU CASTRO (hereinafter referred to as "CASTRO"), JOSE ROMERO (hereinafter referred to as "ROMERO"), and LUIS ALBERTO SALCEDO (hereinafter referred to as "SALCEDO"), and as grounds therefor would show unto the Court as follows:

**NATURE OF THE ACTION**

    1.    This is an action for damages by ELVIS, a citizen of Hialeah, Florida and the United States, against HIALEAH and HIALEAH employee law enforcement officers HERNANDEZ, CASTRO, ROMERO, and SALCEDO who, at all times material to the instant Complaint, were employees of the City of Hialeah Police Department, to address the denial of certain constitutional

1

rights of ELVIS by the Defendants. Specifically, Officers HERNANDEZ, CASTRO, ROMERO, and SALCEDO unlawfully assaulted, battered and severely injured ELVIS when they physically choked, punched, and otherwise beat ELVIS in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. These individual police officers also, despite being witnesses to the actions of each other, failed to intervene to prevent the violation of ELVIS' rights under the United States Constitution. This action is also brought, in part, for assault and battery against the individual defendants.

<strong><u>JURISDICTION AND VENUE</u></strong>

2.     This action is brought, in part, pursuant to 42 U.S.C. § 1983, et seq. and involves violations of the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida.

3.     The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

4.     Venue is appropriate in the Southern District of Florida because all the events giving rise to this suit occurred within the jurisdiction of the United States District Court for the Southern District of Florida. In connection with the acts, practices, and violations alleged herein, each Defendant, directly or indirectly, violated the constitutional rights of Plaintiff ELVIS. *See* 28 U.S.C. § 1391.

5.     ELVIS seeks an award of compensatory and punitive damages as stated below for deprivations of his constitutional rights, permanent physical, mental, and emotional injuries, medical expenses, loss of enjoyment of life, court costs, and attorneys' fees.

## PARTIES

6.      Plaintiff, ELVIS JOSE PEREZ, at all times material hereto, was a resident of Hialeah, Florida and is otherwise *sui juris*.

7.      Defendant, CITY OF HIALEAH, is a municipal entity of the State of Florida. HIALEAH operates and controls the City of Hialeah Police Department, its police officers, employees, agents and representatives, including, but not limited to, officers HERNANDEZ, CASTRO, ROMERO, and SALCEDO.

8.      Defendant HIALEAH, as ultimate policy maker for the City of Hialeah Police Department, possessed the powers and duties to, among other things, conduct investigations of the City of Hialeah Police Department and its law enforcement officers' affairs and to perform acts which are in the common interest of the people and visitors in Hialeah, Florida.

9.      Defendant HIALEAH, as ultimate policy maker for the City of Hialeah Police Department, is responsible for staffing, supervising, managing, controlling, disciplining, and/or setting forth policies and procedures for the City of Hialeah Police Department to ensure that HIALEAH law enforcement officers are performing all of their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

10.      Defendant, YANDIER HERNADEZ, at all times material hereto, was a law enforcement officer for HIALEAH and is being sued in his individual capacity.  At all times material hereto, HERNANDEZ's badge number was 1891.  At all times material hereto, Defendant HERNANDEZ, upon information and belief, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

11.     Defendant, ALEXANDER ABREU CASTRO, at all times material hereto, was a law enforcement officer for HIALEAH and is being sued in his individual capacity.  At all times material hereto, CASTRO's badge number was 1914.  At all times material hereto, Defendant CASTRO, upon information and belief, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

12.     Defendant, JOSE ROMERO, at all times material hereto, was a law enforcement officer for HIALEAH and is being sued in his individual capacity.  At all times material hereto, ROMERO's badge number was 1963.  At all times material hereto, Defendant ROMERO, upon information and belief, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

13.     Defendant, LUIS ALBERTO SALCEDO, at all times material hereto, was a law enforcement officer for HIALEAH and is being sued in his individual capacity.  At all times material hereto, SALCEDO's badge number was 1953.  At all times material hereto, Defendant SALCEDO, upon information and belief, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

## FACTUAL ALLEGATIONS

### A.  Factual Allegations Leading Up To The Incident

14.     ELVIS was born on March 22, 1991 in Cuba and immigrated to the United States of America with his family nine years later in 2000.

15.     As a child and through present day, ELVIS has and still suffers from mental illness. His mental illness is generally controlled by prescription medications.

16.     Leading up to the incident material to the instant Complaint, ELVIS was losing his battle with mental illness.  As a result, his loving mother, on June 12, 2016, seeking to protect her son, called the City of Hialeah Police to have ELVIS involuntarily committed to a mental hospital,

*i.e.,* Baker Acted.  ELVIS was taken to Larkin Community Hospital to undergo evaluation and treatment of his serious mental condition.

17.     While at Larkin Community Hospital, ELVIS was kept waiting for hours before being seen by any medical professional.  ELVIS did not understand why he was taken to Larkin Community Hospital and, therefore, while left unattended, sought to leave the hospital believing at the time that he was free to do so.

18.     ELVIS walked out of the front entrance of Larkin Community Hospital, traversed the parking lot several times, and then went back into the hospital to call his mother to pick him up.  The hospital staff knew that ELVIS was mentally ill and, upon information and belief, relayed that information to the City of Hialeah Police Department.

19.     Defendant HERNANDEZ was first to arrive at Larkin Community Hospital to confront ELVIS for his failure to go back inside the examination room.  Just prior to HERNANDEZ's arrival, ELVIS asked a Larkin Community Hospital employee to use their telephone to call his mother.  The Larkin Community Hospital employee allowed ELVIS to use their phone and, in fact, ELVIS was in the process of calling his mother when initially confronted by HERNANDEZ.

**B. Elvis Is Unlawfully Assaulted, Battered, And Severely Beaten by The Defendant Officers**

20.     Immediately upon arrival, HERNANDEZ approached ELVIS and ordered him to get off of the phone.  ELVIS, believing he could be on the phone because the Larkin Community Hospital employee gave him permission to use it, put one finger up as if to say "one moment" to HERNANDEZ.  That one finger would prove life changing for ELVIS.

21.     Within just four seconds of asking HERNANDEZ to wait one moment, HERNANDEZ, unreasonably and without provocation, without any imminent threat of danger or

any emergent situation, grabbed ELVIS by the neck, and engaged in the excessive use of force by forcibly slamming ELVIS to the ground and choking him. ELVIS, not having the mental awareness of why HERNANDEZ was on top of him, began to squirm, and a short scuffle ensued.

22.     Within 34 seconds, ELVIS was unconscious and lying on his stomach with his hands behind his back. HERNANDEZ was on top of ELVIS in control of his hands—seemingly ready to handcuff him—and a Larkin Community Hospital employee was holding ELVIS' legs in place. After lying still on his stomach with his hands behind his back for 36 seconds, ELVIS regained consciousness. Totally unaware of what had happened and unable to understand why there were people on top of him and, fearing for his life, ELVIS began to struggle to get loose.

23.     At this point, several other Larkin Community Hospital employees quickly jumped on top of ELVIS and attempted to restrain him, which only caused ELVIS to believe that he was under attack. Over the next approximately 90 seconds, a physical struggle/altercation occurred. During the tussle, HERNANDEZ's gun became unattached from his holster and a shot was inadvertently fired, grazing HERNANDEZ's leg. HERNANDEZ, upon information and belief, immediately made a distress call to the City of Hialeah Police Department for backup.

24.     Within minutes, officers ROMERO and SALCEDO arrived on scene. By this time, ELVIS was entirely subdued and restrained, lying face down on his stomach with his hands cuffed behind his back. ROMERO and SALCEDO immediately began applying intense pressure to the back of ELVIS' head against the tile floor. ELVIS, by this time, was restrained and lying on his stomach completely still.

25.     After approximately three minutes, CASTRO came running onto the scene.

26.     CASTRO stood beside ELVIS while ROMERO and SALCEDO began to hog tie ELVIS. ELVIS suddenly flinched while being hog tied and within one second CASTRO,

unreasonably and without provocation, without any imminent threat of danger or any emergent situation, engaged in the excessive use of force and put his knee on the back of ELVIS' head and began to apply his full body weight in a crushing fashion.  Seconds later, again unreasonably and without provocation, without any imminent threat of danger or any emergent situation, ROMERO began punching ELVIS' abdomen area and CASTRO began punching ELVIS in the face numerous times – all while ELVIS was lying face down on his stomach, fully restrained by cuffs and zip ties and detained by multiple police officers.

27.     SALCEDO, meanwhile, stood by and did absolutely nothing to intervene and prevent ROMERO and CASTRO from inflicting further harm upon ELVIS.

28.     CASTRO violently punched ELVIS' face over and over again only to be stopped by a fellow officer, non-party City of Hialeah Officer Roger Garcia, who physically and forcibly held CASTRO's arms to prevent him from further needlessly punching ELVIS' face.  In fact, Officer Garcia told CASTRO in that moment that the entire incident was being recorded on the Larkin Community Hospital surveillance video cameras, which, upon information and belief, is the only reason CASTRO ceased inflicting unconscionable amounts of harm upon ELVIS.

29.     Once the physical abuse finally stopped, ELVIS laid on the hospital floor severely beaten, battered, and bloodied.  The amount of blood coming from ELVIS' face was so substantial that a Larkin Community Hospital medical professional had to tend to his wounds immediately.

30.     When ELVIS was first approached by HERNANDEZ, ELVIS had no visible injuries to his face or body.  By the time HERNANDEZ, CASTRO, ROMERO and SALCEDO were done "restraining" him, ELVIS had a broken nose, broken ribs, and his face was swollen so badly he was hardly recognizable.

31.     At no time did ELVIS threaten any of the officer Defendants or make any movement or gesture which would create the fear of imminent physical harm or contact to any officer Defendant.  Certainly, by the time ELVIS was physically restrained and lying hand cuffed on his stomach and surrounded my multiple law enforcement officers, he did not make any movement or gesture which would create the fear of imminent physical harm or contact to any officer Defendant.

32.     Defendants HERNANDEZ, CASTRO, ROMERO and SALCEDO unreasonably and without provocation, without any imminent threat of danger or any emergent situation, and without any supervisory authority, engaged in the excessive use of force to exact needless physical punishment on ELVIS.

33.     After ELVIS was beaten to a pulp, he was lifted onto a gurney and ROMERO began pushing his mask forcibly onto ELVIS' face and against his bloodied, broken nose to inflict even more harm.  ELVIS was then wheeled into a hospital room and again, unreasonably and without provocation, without any imminent threat of danger or any emergent situation, and now after he was battered, bloodied, beaten and entirely restrained, certain police officers, including, upon information and belief, Defendant SALCEDO, began punching ELVIS in the stomach to inflict further physical punishment and harm.

34.     As a result of HERNANDEZ, CASTRO, ROMERO and SALCEDO's excessive use of force and/or blatant failure to intervene, ELVIS sustained severe and permanent injuries to his face and body including contusions to the face, a broken nose, and broken ribs.

35.     As a further result of HERNANDEZ, CASTRO, ROMERO and SALCEDO's actions and/or inactions, including the violations of HIALEAH policies and procedures and Florida

Statutory Law, ELVIS sustained physical and emotional abuse and harm, intimidation, humiliation, and embarrassment.

36.     At the aforesaid time and place, HERNANDEZ wrongfully exerted excessive force, physically assaulted and battered ELVIS and unreasonably subjected ELVIS to acts of physical and emotional harm as punishment for refusing to put down a telephone.

37.     At the aforesaid time and place, CASTRO wrongfully exerted excessive force, physically assaulted and battered ELVIS and unreasonably subjected ELVIS to acts of physical and emotional harm.

38.     At the aforesaid time and place, ROMERO wrongfully exerted excessive force, physically assaulted and battered ELVIS and unreasonably subjected ELVIS to acts of physical and emotional harm.

39.     At the aforesaid time and place, SALCEDO wrongfully exerted excessive force, physically assaulted and battered ELVIS and unreasonably subjected ELVIS to acts of physical and emotional harm.

40.     CASTRO was present during the unreasonable and unprovoked attack on ELVIS and took no action to intervene or otherwise stop the unreasonable physical assault on ELVIS.

41.     ROMERO was present during the unreasonable and unprovoked attack on ELVIS and took no action to intervene or otherwise stop the unreasonable and illegal physical assault on ELVIS.

42.     SALCEDO was present during the unreasonable and unprovoked attack on ELVIS and took no action to intervene or otherwise stop the unreasonable and illegal physical assault on ELVIS.

43.     At no time did ELVIS commit any offense against the laws of the State of Florida including any such crime or violation of Florida Statutes for which the use of force as described herein may be lawfully justified.

44.     At all times material hereto, ELVIS was unarmed and not a threat to the Defendants.

45.     At all times material hereto, HIALEAH was on notice of the fact that a pattern and practice of excessive force existed within the HIALEAH Police Department, and that members of the citizenry are the victims of excessive force committed by HIALEAH police officers in violation of the Fourth Amendment.

46.     HIALEAH's police officers are allowed to commit excessive force with impunity knowing that the officers are unlikely to face disciplinary actions as a result of their use of excessive force based on the HIALEAH police department's failure to remedy a pattern of constitutional violations that continue to occur at the hands of the HIALEAH officers.

47.     Defendants HERNANDEZ, CASTRO, ROMERO and SALCEDO are comfortable in the knowledge that any acts of excessive force that they commit are unlikely to result in discipline even when the act of excessive force occurs while acting within the course and scope of their employment. Therefore, the lack of discipline for excessive force allowed Defendants HERNANDEZ, CASTRO, ROMERO and SALCEDO to commit excessive force against ELVIS because they knew that official reprisals for their actions against ELVIS would be unlikely or non-existent.

48.     Indeed, it is not believed that Defendants HERNANDEZ, CASTRO, ROMERO and SALCEDO faced any consequences or discipline as a result of the acts of excessive force described herein, despite the existence and possession by HIALEAH of surveillance video capturing same.

49.     HIALEAH is on notice through the clear action of excessive force committed against ELVIS in this action.

50.     At all times material hereto, there was a pervasive failure by HIALEAH, by and through its officers, agents, and employees, specifically the HIALEAH Police Department, as ultimate policy maker and/or enforcer for HIALEAH's officers, to train, discipline, and eradicate a widespread abuse of systemic constitutional excessive force violations that although not authorized by written law or express municipal policy are so permanent and well settled as to constitute a custom or usage with the force of law.

51.     At all times material hereto, there existed in the HIALEAH police department a de facto policy or custom of permitting excessive force by its police officers which rose to the level of a constitutional violation based on an ongoing pattern of constitutional excessive force violations under the Fourth Amendment that the HIALEAH Police Department failed to remedy.

52.     Further, HIALEAH was on notice of the fact that as a major metropolitan area, the use of force by its patrol officers is an inevitable occurrence.  As such HIALEAH has a duty to ensure that its officers and deputies are adequately trained in the use of force.  However, previous incidents by HIALEAH police officers placed HIALEAH on notice that more training in the area of force was necessary.

53.     HIALEAH has failed to have live training exercises to train its patrol officers on the use of excessive force in tense real life circumstances.  As a result, officers unconstitutionally engage in excessive force, manhandling detained individuals as a means of punishment causing unwarranted escalation of events, serious injury and/or death.

54.     HIALEAH patrol officers do not have the necessary training to know when facts have arisen to cause them to reasonably believe that excessive force is necessary to prevent serious

injury to themselves and others. Without adequate training on the tense ever changing circumstances of real-life encounters, HIALEAH patrol officers inflict unnecessary and unreasonable force upon individuals and detainees because they have inadequate training to help them to rationally assess a situation as an imminent threat of harm.

55.     HIALEAH's actions and inactions described above were taken under color of law and in violation of the Constitution of the United States and 42 U.S.C. § 1983.

56.     As a direct result of the actions of HIALEAH and Defendants HERNANDEZ, CASTRO, ROMERO and SALCEDO, ELVIS suffered a violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, severe and permanent injuries, pain and suffering, expenses of hospitalization and medical care in the past and future, loss of the ability to enjoy life, and aggravation of a preexisting condition.

**COUNT I**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**EXCESSIVE USE OF FORCE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
***(Against HERNANDEZ, Individually)***

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

57.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant HERNANDEZ by subjecting ELVIS to the excessive use of force.

58.     At all times material hereto, Defendant HERNANDEZ was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

59.     At all times material hereto, ELVIS maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

60.     The actions of the Defendant HERNANDEZ, as described above, involved the use of excessive force, which violated ELVIS' Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

61.     Defendant HERNANDEZ violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking ELVIS without provocation in a manner that was disproportionate to the force necessary.

62.     The use of force at the level used herein was objectively unreasonable under the circumstances.  More specifically, at the time Defendant HERNANDEZ grabbed ELVIS by the neck and forcibly slammed ELVIS to the ground and choked him, ELVIS was merely a patient at a hospital attempting to use a telephone provided to him by hospital staff and had not taken any action against HERNANDEZ or anybody else that would cause HERNANDEZ or anybody else to feel threatened or fear any imminent physical harm to justify the use of force as described herein.

63.     Defendant HERNANDEZ, while acting in his capacity as a law enforcement officer for the HIALEAH Police Department and under color of law, used excessive force to punish ELVIS who was unarmed and posed no real threat of serious injury or bodily harm to Defendant HERNANDEZ or anybody else.

64.     All of the acts described herein deprived ELVIS of rights secured to him by the United States Constitution; specifically, the right secured to ELVIS by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

65.     As a direct and proximate result of the unconstitutional act of Defendant HERNANDEZ, Plaintiff ELVIS suffered deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

66.     The acts of the Defendant HERNANDEZ, as described herein, have forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant HERNANDEZ for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### EXCESSIVE USE OF FORCE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
*(Against CASTRO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

67.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant CASTRO by subjecting ELVIS to the excessive use of force.

68.     At all times material hereto, Defendant CASTRO was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

69.     At all times material hereto, ELVIS maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

70.     The actions of the Defendant CASTRO, as described above, involved the use of excessive force, which violated ELVIS' Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

71.     Defendant CASTRO violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking ELVIS without provocation in a manner that was disproportionate to the force necessary.

72.     The use of force at the level used herein was objectively unreasonable under the circumstances.  More specifically, at the times when Defendant CASTRO first forcibly put his knee on the back of ELVIS' head and began to apply his full body weight in a crushing fashion and then repeatedly punched ELVIS in the face, ELVIS was face down on the ground, hand-cuffed and zip tied and physically restrained and detained by multiple police officers, and had not taken any action against CASTRO or any other officer that would cause Defendant CASTRO or any other officer to feel threatened or fear any imminent physical harm to justify the use of force as described herein.

73.     Defendant CASTRO, while acting in his capacity as a law enforcement officer for the HIALEAH Police Department and under color of law, used excessive force to punish ELVIS who was unarmed, restrained, detained on the ground by multiple police officers, and posed no real

15

threat of serious injury or bodily harm to Defendant CASTRO or any other HIALEAH Police Department officers.

74.     All of the acts described herein deprived ELVIS of rights secured to him by the United States Constitution; specifically, the right secured to ELVIS by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

75.     As a direct and proximate result of the unconstitutional act of Defendant CASTRO, Plaintiff ELVIS suffered deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

76.     The acts of the Defendant CASTRO, as described herein, have forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant CASTRO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## COUNT III
## 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
## EXCESSIVE USE OF FORCE
## Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against ROMERO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

77.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant ROMERO by subjecting ELVIS to the excessive use of force.

78.     At all times material hereto, Defendant ROMERO was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

79.     At all times material hereto, ELVIS maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

80.     The actions of the Defendant ROMERO, as described above, involved the use of excessive force, which violated ELVIS' Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

81.     Defendant ROMERO violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking ELVIS without provocation in a manner that was disproportionate to the force necessary.

82.     The use of force at the level used herein was objectively unreasonable under the circumstances.  More specifically, at the time Defendant ROMERO repeatedly punched ELVIS, ELVIS was face down on the ground, hand-cuffed and zip tied and physically restrained and detained by multiple police officers, and had not taken any action against ROMERO or any other

officer that would cause Defendant ROMERO or any other officer to feel threatened or fear any imminent physical harm to justify the use of force as described herein.

83.     Defendant ROMERO, while acting in his capacity as a law enforcement officer for the HIALEAH Police Department and under color of law, used excessive force to punish ELVIS who was unarmed, restrained, detained on the ground by multiple police officers, and posed no real threat of serious injury or bodily harm to Defendant ROMERO or any other HIALEAH Police Department officers.

84.     All of the acts described herein deprived ELVIS of rights secured to him by the United States Constitution; specifically, the right secured to ELVIS by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

85.     As a direct and proximate result of the unconstitutional act of Defendant ROMERO, Plaintiff ELVIS suffered deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

86.     The acts of the Defendant ROMERO, as described herein, have forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant ROMERO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT IV**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**EXCESSIVE USE OF FORCE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against SALCEDO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

87.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. §  1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant SALCEDO by subjecting ELVIS to the excessive use of force.

88.     At all times material hereto, Defendant SALCEDO was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

89.     At all times material hereto, ELVIS maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

90.     The actions of the Defendant SALCEDO, as described above, involved the use of excessive force, which violated ELVIS' Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

91.     Defendant SALCEDO violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking ELVIS without provocation in a manner that was disproportionate to the force necessary.

92.     The use of force at the level used herein was objectively unreasonable under the circumstances.  More specifically, at the time Defendant SALCEDO repeatedly punched ELVIS, ELVIS was hand-cuffed and zip tied and physically restrained and detained by multiple police officers, and had not taken any action against SALCEDO or any other officer that would cause

19

Defendant SALCEDO or any other officer to feel threatened or fear any imminent physical harm to justify the use of force as described herein.

93.     Defendant SALCEDO, while acting in his capacity as a law enforcement officer for the HIALEAH Police Department and under color of law, used excessive force to punish ELVIS who was unarmed and restrained by multiple police officers, and posed no real threat of serious injury or bodily harm to Defendant SALCEDO or any other HIALEAH Police Department officers.

94.     All of the acts described herein deprived ELVIS of rights secured to him by the United States Constitution; specifically, the right secured to ELVIS by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

95.     As a direct and proximate result of the unconstitutional act of Defendant SALCEDO, Plaintiff ELVIS suffered deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

96.     The acts of the Defendant SALCEDO, as described herein, have forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant SALCEDO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant

to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable

as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT V**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**FAILURE TO INTERVENE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against CASTRO Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully

herein.

97.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983

for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth

Amendments by Defendant CASTRO for failing to intervene to prevent Defendants ROMERO

and SALCEDO from violating the constitutional rights of ELVIS.

98.     Law enforcement officers have an affirmative duty to intervene when the officer is

aware of constitutional violations in their presence and must take reasonable steps to protect the

victim of another officer's use of excessive force.

99.     As described above, Defendant CASTRO failed to prevent excessive force from

being committed against ELVIS when he had a reasonable opportunity to do so.

100.    Defendant CASTRO's failure to intervene is a violation of the Fourth Amendment

and as such is actionable under 42 U.S.C. § 1983.

101.    At all times material hereto, Defendant CASTRO was acting under color of state law

and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

102.    At all times material hereto, Plaintiff ELVIS maintained the right to be free from the

excessive use of force – a protected right under the Fourth and Fourteenth Amendments of the

United States Constitution.

103.     As a direct and proximate result of the unconstitutional act of Defendant CASTRO,

Plaintiff ELVIS has been caused to suffer deprivations of his constitutional rights, severe, grievous

and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental

anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation

of a preexisting condition and further incurred medical bills and other bills as a result of such injuries;

such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in

the future.

104.     The failure to intervene by Defendant CASTRO has forced Plaintiff ELVIS to

retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to

recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant CASTRO for all

compensatory damages and punitive damages together with attorneys' fees and costs pursuant to

42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as

a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT VI**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**FAILURE TO INTERVENE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
***(Against ROMERO Individually)***

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully

herein.

105.     Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983

for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth

Amendments by Defendant ROMERO for failing to intervene to prevent Defendants CASTRO

and SALCEDO from violating the constitutional rights of ELVIS.

106.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

107.    As described above, Defendant ROMERO failed to prevent excessive force from being committed against ELVIS when he had a reasonable opportunity to do so.

108.    Defendant ROMERO's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

109.    At all times material hereto, Defendant ROMERO was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

110.    At all times material hereto, Plaintiff ELVIS maintained the right to be free from the excessive use of force – a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

111.    As a direct and proximate result of the unconstitutional act of Defendant ROMERO, Plaintiff ELVIS has been caused to suffer deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

112.    The failure to intervene by Defendant ROMERO has forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant ROMERO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT VII**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**FAILURE TO INTERVENE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against SALCEDO Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

113.    Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant SALCEDO for failing to intervene to prevent Defendants CASTRO and ROMERO from violating the constitutional rights of ELVIS.

114.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

115.    As described above, Defendant SALCEDO failed to prevent excessive force from being committed against ELVIS when he had a reasonable opportunity to do so.

116.    Defendant SALCEDO's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

117.    At all times material hereto, Defendant SALCEDO was acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

118.    At all times material hereto, Plaintiff ELVIS maintained the right to be free from the excessive use of force – a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

119.    As a direct and proximate result of the unconstitutional act of Defendant SALCEDO, Plaintiff ELVIS has been caused to suffer deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

120.    The failure to intervene by Defendant SALCEDO has forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant SALCEDO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT VIII**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against HIALEAH)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

121.    Plaintiff ELVIS seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, HIALEAH, by and through its final policy makers, officers, agents, servants, and/or employees, in connection with the unconstitutional use of excessive force.

122.    At all times material hereto, Defendants HERNANDEZ, CASTRO, ROMERO, and SALCEDO were acting under color of state law and pursuant to the official custom, course, and policy of the HIALEAH Police Department.

123.    All of the acts described herein deprived Plaintiff ELVIS of rights secured to him by the United States Constitution; specifically, the right secured to ELVIS by the Fourth and Fourteenth Amendments to the United States Constitution to not being subjected to the excessive use of force.

124.    At all times material hereto, Defendant HIALEAH encouraged, permitted, tolerated, and ratified a pattern and practice of unjustified, unreasonable, and illegal use of force against citizens and detainees by officers in that:

> (a)    Defendant HIALEAH failed to prosecute or use discipline in circumstances involving the obvious excessive use of force;
>
> (b)    Defendant HIALEAH refused to investigate complaints of previous incidents involving wrongful and excessive use of force and instead, officially claimed that such incidents were justified and proper;
>
> (c)    Defendant HIALEAH, by means of both inaction and cover up of such incidents, encouraged officers and deputies employed by it to believe that

26

unwarranted use of force was acceptable to the HIALEAH Police Department, and its final policy makers, officers, agents, and/or employees.

125.     Defendant HIALEAH has maintained no (or an inadequate) system of review for use of force incidents; this lack of a system or inadequate system has resulted in a failure to identify instances of excessive use of force or to discipline, more closely supervise, or retrain officers and deputies who engaged in improper and excessive use of force.

126.     Upon information and belief, these systemic deficiencies include but are not limited to:

(a)     Preparation of investigative reports that are designed to vindicate the use of force, regardless of whether such use is justified;

(b)     Failure to maintain an adequate early warning system;

(c)     Preparation of investigative reports which uncritically rely solely on the word of officers and deputies involved in incidents and which systematically fail to credit testimony by non-police officer witnesses and victims;

(d)     Preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved;

(e)     Issuance of public statements exonerating officers and deputies involved in such incidents prior to conducting a full and fair investigation; and

(f)     Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

127.     Defendant HIALEAH also maintains a system of grossly inadequate training pertaining to the law of permissible use of force.

128.     The lack of training in detention scenarios and real-life encounters caused Defendants HERNANDEZ, CASTRO, ROMERO, and SALCEDO to not have the acumen to understand that no factors existed to allow for the implementation of force.

129.     The lack of training by HIALEAH to Defendants HERNANDEZ, CASTRO, ROMERO, and SALCEDO was inadequate and caused these Defendants to physically assault and violently beat ELVIS, including while handcuffed and held face down on the ground, thereby causing ELVIS severe and permanent injuries.

130.     Defendant HIALEAH violated Plaintiff ELVIS' Fourth Amendment rights by allowing a custom of excessive force against the citizenry for years prior to the subject incident involving ELVIS.  The commission of excessive force by HIALEAH, by and through its officers and deputies, became an unwritten policy of HIALEAH, through its continued pervasiveness by the HIALEAH Police Department without any meaningful sanctions by HIALEAH for the use of excessive force by HIALEAH Police Department officers.

131.     Defendants HERNANDEZ, CASTRO, ROMERO, and SALCEDO were free to commit excessive force knowing that HIALEAH would not sanction any excessive force they committed.  Thus, when Defendants without any forethought engaged in physically assaulting ELVIS, without provocation or engagement by ELVIS that would place them in imminent harm or in an emergent situation, they would be comfortable in knowing that their job was not at risk and that no sanctions or discipline would follow.

132.     The pervasive nature of excessive force within the HIALEAH Police Department caused injury to Plaintiff ELVIS at the hands of HIALEAH Police Department officers who had no fear of reprisals from their unconstitutional actions thereby resulting in their excessive use of force and punishment of ELVIS.

133.     The acts, omissions, and systemic deficiencies as described herein are policies, practices, and customs of HIALEAH, which had the result of teaching HIALEAH Police Department officers, including Defendants HERNANDEZ, CASTRO, ROMERO, and

28

SALCEDO, that they could use whatever force they felt necessary against citizens and detainees, regardless of the law, with impunity.

134.    Defendant HIALEAH, by and through its final policy makers, officers, agents, servants, and/or employees, had a duty to train, supervise, control, and otherwise ensure that the constitutional rights of persons such as Plaintiff ELVIS were not violated.

135.    Defendant HIALEAH, by and through its final policy makers, officers, agents, servants, and/or employees, abdicated its policy making and oversight responsibilities, thereby allowing and making foreseeable the circumstances to which ELVIS was exposed.

136.    As a direct and proximate result of the acts, omissions, customs, practices, and policies of Defendant HIALEAH, by and through its final policy makers, officers, agents, servants, and/or employees, as set forth above, which were the moving force behind the constitutional violations complained of, Plaintiff ELVIS has been caused to suffer deprivations of his constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

137.    The acts of the Defendant HIALEAH, as described herein, have forced Plaintiff ELVIS to retain the undersigned attorneys and to pay them a reasonable fee, which ELVIS is entitled to recover pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant HIALEAH for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant

to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT IX**
**BATTERY**
*(Against HERNANDEZ, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

138.    On June 12, 2016, Defendant HERNANDEZ intentionally attacked and battered ELVIS without provocation.

139.    Defendant HERNANDEZ committed said attack with the intent to cause harmful or offensive contact to ELVIS.

140.    Defendant HERNANDEZ did physically contact ELVIS without ELVIS' consent when Defendant HERNANDEZ grabbed ELVIS by the neck and forcibly slammed ELVIS to the ground and choked him, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

141.    Defendant HERNANDEZ's physical contact with ELVIS was harmful and offensive to ELVIS.

142.    Defendant HERNANDEZ acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

143.    As a direct and proximate result of Defendant HERNANDEZ's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred

medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant HERNANDEZ for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### COUNT X
### BATTERY
*(Against CASTRO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

144.    On June 12, 2016, Defendant CASTRO intentionally attacked and battered ELVIS without provocation.

145.    Defendant CASTRO committed said attack with the intent to cause harmful or offensive contact to ELVIS.

146.    Defendant CASTRO did physically contact ELVIS without ELVIS' consent when Defendant CASTRO forcibly put his knee on the back of ELVIS' head and began to apply his full body weight in a crushing fashion and then repeatedly punched ELVIS in the face, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

147.    Defendant CASTRO's physical contact with ELVIS was harmful and offensive to ELVIS.

148.    Defendant CASTRO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

149.    As a direct and proximate result of Defendant CASTRO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant CASTRO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## COUNT XI
## BATTERY
### *(Against ROMERO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

150.    On June 12, 2016, Defendant ROMERO intentionally attacked and battered ELVIS without provocation.

151.    Defendant ROMERO committed said attack with the intent to cause harmful or offensive contact to ELVIS.

152.    Defendant ROMERO did physically contact ELVIS without ELVIS' consent when Defendant ROMERO repeatedly punched ELVIS, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

153.    Defendant ROMERO's physical contact with ELVIS was harmful and offensive to ELVIS.

154.     Defendant ROMERO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

155.     As a direct and proximate result of Defendant ROMERO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant ROMERO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### COUNT XII
### BATTERY
#### *(Against SALCEDO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

156.     On June 12, 2016, Defendant SALCEDO intentionally attacked and battered ELVIS without provocation.

157.     Defendant SALCEDO committed said attack with the intent to cause harmful or offensive contact to ELVIS.

158.     Defendant SALCEDO did physically contact ELVIS without ELVIS' consent when Defendant SALCEDO repeatedly punched ELVIS, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

159.   Defendant SALCEDO's physical contact with ELVIS was harmful and offensive to ELVIS.

160.   Defendant SALCEDO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

161.   As a direct and proximate result of Defendant SALCEDO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant SALCEDO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## COUNT XIII
## ASSAULT
### (Against HERNANDEZ, Individually)

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

162.   On June 12, 2016, Defendant HERNANDEZ intentionally attacked and assaulted ELVIS without provocation.

163.   Defendant HERNANDEZ committed said attack with the intent to create apprehension of imminent physical or bodily harm on ELVIS.

34

164.     Due to Defendant HERNANDEZ's actions, ELVIS was in reasonable apprehension and feared imminent physical or bodily harm.

165.     Defendant HERNANDEZ acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

166.     As a direct and proximate result of Defendant HERNANDEZ's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant HERNANDEZ for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT XIV**
**ASSAULT**
*(Against CASTRO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

167.     On June 12, 2016, Defendant CASTRO intentionally attacked and assaulted ELVIS without provocation.

168.     Defendant CASTRO committed said attack with the intent to create apprehension of imminent physical or bodily harm on ELVIS.

169.     Due to Defendant CASTRO's actions, ELVIS was in reasonable apprehension and feared imminent physical or bodily harm.

170.     Defendant CASTRO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

171.     As a direct and proximate result of Defendant CASTRO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant CASTRO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**COUNT XV**
**ASSAULT**
*(Against ROMERO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

172.     On June 12, 2016, Defendant ROMERO intentionally attacked and assaulted ELVIS without provocation.

173.     Defendant ROMERO committed said attack with the intent to create apprehension of imminent physical or bodily harm on ELVIS.

174.    Due to Defendant ROMERO's actions, ELVIS was in reasonable apprehension and feared imminent physical or bodily harm.

175.    Defendant ROMERO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

176.    As a direct and proximate result of Defendant ROMERO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant ROMERO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### COUNT XVI
### ASSAULT
*(Against SALCEDO, Individually)*

Plaintiff ELVIS adopts and incorporates paragraphs 1 through 56 above as if set forth fully herein.

177.    On June 12, 2016, Defendant SALCEDO intentionally attacked and assaulted ELVIS without provocation.

178.    Defendant SALCEDO committed said attack with the intent to create apprehension of imminent physical or bodily harm on ELVIS.

179.    Due to Defendant SALCEDO's actions, ELVIS was in reasonable apprehension and feared imminent physical or bodily harm.

180.    Defendant SALCEDO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of ELVIS' rights and safety.

181.    As a direct and proximate result of Defendant SALCEDO's intentional attack, Plaintiff ELVIS has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and ELVIS will suffer such losses in the future.

**WHEREFORE,** Plaintiff ELVIS demands judgment against Defendant SALCEDO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff ELVIS hereby demands trial by jury on all issues so triable.

DATED this 10th day of June 2020.

This space intentionally left blank.

38

Respectfully submitted,

**ELSTEIN LEGAL**
*Co-Counsel for Plaintiff*
1550 Biscayne Blvd., Suite 201
Miami, Florida 33132
Phone: (305) 299-2835
Fax: (305) 907-6070
Email: brian@elsteinlegal.com

By: /s/ *Brian L. Elstein*
       Brian L. Elstein
       Fla. Bar No. 105885

-and-

**ALHALEL LAW**
*Co-Counsel for Plaintiff*
20200 W. Dixie Highway, Suite 906
Miami, Florida 33180
Phone: (305) 563-9060
Fax: (305) 907-6070
Email: josh@alhalel-law.com

By: /s/ *Joshua R. Alhalel*
       Joshua R. Alhalel
       Fla. Bar No. 16320